BATISTA, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo sobre calificación de defecto subsanable.

No. 189.—Resuelto en junio 27, 1914.

BIENES GANANCIALES—ADQUISICIÓN HECHA POR LA ESPOSA—ORIGEN DEL DINERO DEL PRECIO DE ADQUISICIÓN—DEFECTOS SUBSANABLES.—En una escritura de adquisición de bienes inmuebles otorgada a favor de uno de los cónyuges, no es necesario probar el origen del dinero con que se adquirió la finca, a menos que de la escritura se desprenda el propósito de tratarla como bien exclusivo del adquirente, o trate éste de inscribirla como tal y nó como bien de la sociedad de gananciales.

BIENES PRIVATIVOS DE UNO DE LOS CÓNYUGES—ORIGEN DEL DINERO DEL PRECIO DE LA ADQUISICIÓN—BIENES GANANCIALES.—Cuando uno de los esposos durante el matrimonio adquiere bienes que considera privativos de él, debe expresarse en la escritura de adquisición que el dinero con que se adquirió la finca era de su exclusiva propiedad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José de J. Tizol.*

El Registrador Sr. José Marcial López no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Por escritura No. 37, otorgada ante el notario Enrique Campillo Abrams en el pueblo de Quebradillas el día 11 de marzo de 1914, Manuel Batista y Mena, con el consentimiento de su esposa, vendió a Doña Josefa Badía y Saavedra, casada, cierta finca urbana.

Al hacerse la inscripción de esta escritura el registrador le puso la siguiente nota:

"Inscrito este documento al folio 109 del tomo 3 de Quebradillas, finca número 174, inscripción 3ª., con el defecto subsanable de no acreditarse que el precio de la compraventa corresponda exclusivamente al peculio de la compradora."

El apelante solicita ahora la revocación de la nota del registrador y que se proceda a verificar la inscripción del documento sin hacerse mención del referido defecto. Se nos

hace un poco difícil comprender el motivo de la nota recurrida a menos que haya sido debida a un exceso de celo al aplicar al presente caso el principio contenido en el artículo 1322 del Código Civil. No se ha alegado por nadie que la finca en cuestión pertenezca a los bienes privativos de la compradora, y no hay nada en la escritura de donde pueda inferirse de modo alguno que la misma haya de ser considerada como tal. El artículo 1322 del Código Civil a que se ha hecho referencia, determina expresamente que se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer. Si como ocurrió en el caso de *Feliú et al.* v. *El Registrador de la Propiedad,* 16 D. P. R., 766, en la escritura se menciona que la adquisición la hace la esposa y que el precio de la compraventa lo satisface ella con dinero de su propio peculio, o con fondos derivados de ciertos bienes de su exclusiva propiedad, y consta claramente que la intención de las partes y especialmente la de la esposa adquirente es la de considerar los bienes así adquiridos como privativos de la misma y hacer que de tal modo consten en el registro, entonces, de acuerdo con lo resuelto en dicho caso, la inscripción hecha por el registrador es correcta. Pero cuando como en el presente caso la escritura no revela ni siquiera remotamente intención alguna por parte de ninguno de los interesados de considerar el precio objeto de la compraventa como perteneciente a los bienes privativos de la compradora, el no probarse que dicho precio de la venta perteneciera exclusivamente a la compradora es un hecho que lógicamente no puede ser considerado como constitutivo de un defecto en la venta. Véase el caso de *Igartúa* v. *El Registrador,* que es muy parecido al presente, resuelto en junio 23, 1914.

Debe revocarse la calificación del registrador y cancelarse en el registro la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.